VICTOR LANGHOOP, as Administrator, etc., of GRACE LANGHOOP, Deceased, Respondent, v. RICHFIELD OIL CORPORATION OF NEW YORK and Others, Defendants, LOUIS G. BRIDGEMAN and FRANK DENTON, Appellants. BERNARD H. LANGHOOP, as Administrator, etc., of IDA LANGHOOP, Deceased, v. RICHFIELD OIL CORPORATION OF NEW YORK and Others, Defendants, LOUIS G. BRIDGEMAN and FRANK DENTON, Appellants. ANDREW BROWN, as Administrator, etc., of BEVERLY ANN BROWN, Deceased, v. RICHFIELD OIL CORPORATION OF NEW YORK and Others, Defendants, LOUIS G. BRIDGEMAN and FRANK DENTON, Appellants.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Although the doctrine of res ipsa loquitur cannot be applied to the facts set forth in the complaints, such complaints and the bills of particulars do set forth facts sufficient, if proven, to constitute causes of action. All concur. (The order denies motion by two defendants for a dismissal of the complaint in each of three actions to recover damages for the death of three persons who died in a burning building.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

WEST SHORE RAILROAD COMPANY, Owner and Lessor, and THE NEW YORK CENTRAL RAILROAD COMPANY, Lessee, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 25370. Order of May 1, 1939.) — Order reversed on the law, without costs, and motion granted, without costs. All concur. (The order denies claimants' motion to amend their claim.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

WEST SHORE RAILROAD COMPANY, Owner and Lessor, and THE NEW YORK CENTRAL RAILROAD COMPANY, Lessee, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 25370. Order of Dec. 30, 1939, entered Jan. 8, 1940.) — Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs. All concur. (The order denies claimants' motion to amend their claim.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Estate of JOHN J. O'REGAN, Deceased.— Decree affirmed, without costs of this appeal to any party. All concur. (The decree denies the prayer of petitioner that she be determined the surviving spouse of decedent and declares her notice of election to be void.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

CLARENCE E. BENNETT, Appellant, v. SAMUEL PISCITELLO and Others, Respondents.— Judgments of Monroe County Court and Rochester City Court [Civil Branch] reversed on the law, with costs, and judgment directed in favor of the plaintiff for the sum of $320, with interest from October 2, 1937, with costs. Memorandum: The contract was in writing and it contained all the elements of a binding agreement. The contract has not been attacked either for fraud or insufficiency. Both parties stood upon the contract, as written, at the trial. The contract contains no language from which the inference of an express warranty in respect to fuel consumption might be drawn. An express warranty can neither be engrafted upon such a contract nor its terms altered by parol evidence. (Bareham & McFarland, Inc., v. Kane, 228 App. Div. 396; Ellen v. Heacock, 247 id. 476, 477; Imperator Realty Co. v. Tull, 228 N. Y. 447, 451; Eighmie v. Taylor, 98 id. 288; Thomas v. Scutt, 127 id. 133, 141, 142; Newburger v. American Surety Co., 242 id. 134, 142, 143; Ruppert v. Singhi, 243 id. 156, 160; Eastman v. Britton, 175 App. Div. 476.) The defendant had the burden of proving the existence of an